```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION

MELISSA FEAGANS,
                    Plaintiff,

v.                                Case No.  3:07-cv-433-J-33HTS

AMERICANA JAX INVESTMENTS, INC. and
YOGINI PATEL,
                    Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to the Joint Motion for Dismissal With Prejudice (Doc. # 16), filed on March 19, 2008.  In this motion, the parties indicate, "Plaintiff represents and acknowledges payment in full for all of her claims, including her claim for overtime pay, liquidated damages and attorney's fees and costs.  As such, the resolution of this matter does not constitute a 'compromise' which would involve Court review and/or approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982)." (Doc. # 16).

**I.   Background**

Plaintiff filed her complaint against Defendants on May 21, 2007, seeking damages and attorney's fees for Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 210, et seq. (Doc. # 1).  According to the complaint, Plaintiff worked as a cashier for Defendants from November 2005 through March 9, 2007, and while she "worked numerous weeks in excess of forty (40) hours a week," she was not compensated for all work in excess of forty

(40) hours at a rate no less than one and one-half times the regular rate at which she was employed. (Doc. # 1 at ¶ 1-9).

On December 27, 2007, this Court referred the parties to mediation (Doc. # 11).  On March 19, 2006, the parties' filed the instant joint motion requesting dismissal of this action with prejudice and submitting that Plaintiff has been fully compensated for all FLSA violations, including the payment of liquidated damages.

## II. Analysis

The Eleventh Circuit ruled in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees.  FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (Internal citations omitted).[1]  Thus, a compromise of an employee's

---

[1] In Lynn's Food Store, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations.  Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated.  Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated
(continued...)

FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. Id.  However, as stated in Su v. Electronic Arts, Inc., 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961 (Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (Citing Mackenzie v. Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

Based on counsels' representation that Plaintiff has been fully compensated for all unpaid overtime claims without compromise, including liquidated damages, this Court finds it appropriate to approve the settlement and dismiss this case with prejudice.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

(1) The parties' Joint Motion for Dismissal With Prejudice (Doc. # 16) is **GRANTED**.

(2) This case is dismissed with prejudice.

---

[1](...continued)
judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (Citations omitted).

(3)  The Clerk is directed to enter judgment in favor of Plaintiff, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>20th</u> day of March 2008.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record